RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SEP 1 0 2026
DANIEL J. McCOY, CLERK
BY: Kla

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA

v.

LEONARD D. JOHNSON (01),
LASHUNDA COLLINS (02),
LABERTRINE WASHINGTON (03),
JOHNTAVIOUS DOUGLAS (04),
BOBBY KENDALE GAY (05),
DANIELLE GAY (06),
COREY JUNE (07),
KEITH LAWRENCE (08),
CORDAIRO THOMAS (09),
DEMETRIUS WATSON (10), and
ERIC WATSON (11),

Defendants

21 U.S.C. § 846
21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 922 (g)(1)

5:26-cr-00245
Judge Hicks
Magistrate Judge Hornsby

## SUPERSEDING INDICTMENT

The Federal Grand Jury charges:

### COUNT 1
**Conspiracy to Possess a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii)]

Beginning in or around November 2025, and continuing through on or about May 20, 2026, in the Western District of Louisiana, and elsewhere, the defendants,

**LEONARD D. JOHNSON,
LASHUNDA COLLINS,
LABERTRINE WASHINGTON,
JOHNTAVIOUS DOUGLAS,
BOBBY KENDALE GAY,
DANIELLE GAY,
CORDAIRO THOMAS,
DEMETRIUS WATSON, and
ERIC WATSON,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A)(viii).

Pursuant to Title 21, United States Code, Sections 841(b)(1)(A) and 851, it is further alleged that before the defendant, **LEONARD JOHNSON**, committed this offense, he had been convicted of a serious drug felony or serious violent felony for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of commencing this offense.

**COUNT 2**
**Conspiracy to Possess a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(ii)]

Beginning in or around November 2025, and continuing through on or about May 20, 2026, in the Western District of Louisiana, and elsewhere, the defendants,

**COREY JUNE,**
**KEITH LAWRENCE,**
**DEMETRIUS WATSON, and**
**ERIC WATSON,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, that is, cocaine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B)(ii).

With respect to the defendant, **KEITH LAWRENCE**, their conduct as a member of the narcotics conspiracy charged in Count Two, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count Two, is 500 grams or more of cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii) and 846.

With respect to the defendants, **COREY JUNE, DEMETRIUS WATSON**, and **ERIC WATSON**, their conduct as members of the narcotics conspiracy charged in Count Two, which includes the reasonably foreseeable conduct of the other members of the narcotics conspiracy charged in Count Two, which concerned cocaine, a Schedule II substance, was in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and 846.

## COUNT 3
**Possessing a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)]

On or about March 29, 2026, in the Western District of Louisiana, the defendants,

**KEITH LAWRENCE,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, 500 grams or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii).

## COUNT 4
**Possessing a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)]

On or about April 29, 2026, in the Western District of Louisiana, the defendant,

**LEONARD JOHNSON,**

**JOHNTAVIOUS DOUGLAS,**
**BOBBY KENDALE GAY, and**
**DANIELLE GAY,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT 5
**Possessing a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)]

On or about May 12, 2026, in the Western District of Louisiana, the defendant,

**LEONARD JOHNSON and**
**CORDAIRO THOMAS,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT 6
**Possessing a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)]

On or about May 20, 2026, in the Western District of Louisiana, the defendant,

**LABERTRINE WASHINGTON,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

**COUNT 7**
**Possessing a Controlled Substance with Intent to Distribute**
[21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)]

On or about May 20, 2026, in the Western District of Louisiana, the defendants,

**LEONARD D. JOHNSON and**
**LASHUNDA COLLINS,**

did knowingly and intentionally possess with intent to distribute a controlled substance, that is, 50 grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

**COUNT 8**
**Possessing a Firearm in Furtherance of a Drug Trafficking Crime**
[18 U.S.C. § 924(c)(1)(A)(i)]

On or about May 20, 2026, in the Western District of Louisiana, the defendant,

**LEONARD D. JOHNSON,**

did knowingly possess a firearm in furtherance of a drug trafficking crime, a felony offense for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 841(a)(1), as charged in Count 7 of this Superseding Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

**COUNT 9**
**Possession of Firearms or Ammunition by a Convicted Felon**
[18 U.S.C. § 922(g)(1)]

On or about May 20, 2026, in the Western District of Louisiana, the defendant,

**LEONARD D. JOHNSON,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce firearms, that is, a Zigoma pistol; model PX-9 and a Ruger Pistol, model: LCP max; caliber .380, and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE NOTICE

A. The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for alleging forfeiture to the United States of America of certain property to which the defendants, **LEONARD D. JOHNSON LASHUNDA COLLINS, LABERTRINE WASHINGTON JOHNTAVIOUS DOUGLAS, BOBBY KENDALE GAY, DANIELLE GAY, COREY JUNE, KEITH LAWRENCE, CORDAIRO THOMAS, DEMETRIUS WATSON, and ERIC WATSON** have an interest.

B. Upon conviction of a violation of Title 21, United States Code, Sections 846 and/or 841, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

C. Upon conviction of a violation of Title 18, United States Code, Section 922 and/or 924, or any other criminal law of the United States of America, as alleged in this Superseding Indictment, the defendants shall forfeit to the United States of

America any firearm or ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

D. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, to the following:

1.) A Zigoma pistol; model PX-9;

2.) Ruger Pistol, model: LCP max; caliber .380;

3.) Ammunition

4.) $24,140 of U.S. Currency

E. If, as a result of any act or omission of the defendants, any of the property described in or subject to this Forfeiture Notice (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the Court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

[Remainder of Page Intentionally Left Blank]

All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Sections 924(d) and 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

REDACTED

FOREPERSON

ZACHARY A. KELLER
UNITED STATES ATTORNEY

J. AARON CRAWFORD
ROBERT F. MOODY
ASSISTANT UNITED STATES ATTORNEYS